## MARSHALL & McKEE *v.* KINNEY.

Where, in a suit commenced before a justice of the peace, after the jury had failed to agree and were discharged, the plaintiff obtained a change of venue to another justice, on the ground that the first justice was a material witness for him; and, before the second justice, the defendant moved specially to dismiss the suit, because the change of venue was erroneously granted, and the second justice had no jurisdiction of the cause, which motion was overruled, and final judgment rendered against defendant, he refusing to answer further, and which judgment was affirmed on error, in the District Court.

*Held,* there was no error in the judgment of the District Court. This court will only examine into, and decide upon the errors assigned. The order granting the change of venue, at most, was only erroneous, and not void; if only erroneous, the second justice had jurisdiction; and the second justice could not sit as a court of errors upon the proceedings of the first justice.

*Appeal from the Lee District Court.*

MARSHALL & McKEE sued Kinney before W. Stotts, a justice of the peace. On the return day, the parties went to trial before a jury. The jury could not agree upon a verdict, and were discharged, and a day set for another trial, on which day, the plaintiffs filed an affidavit and motion for a change of venue, for reason that the justice was a material witness in their behalf, but not showing any reason why the motion was not made at an earlier stage of the proceedings. The change of venue was granted, and the cause sent to Justice Cole. Before the latter, the defendant made a special appearance, and moved that the suit be dismissed, for the following reasons:

1. Because the change of venue was erroneously granted, contrary to law, and after the trial had been commenced.

2. Because the justice (Cole) had no jurisdiction of the case.

3. Because the defendant had no notice of the application for a change of venue.

This motion was overruled, and the defendant refusing to appear further, the justice proceeded to a hearing, and ren-

Marshall & McKee v. Kinney.

·dered judgment for the plaintiff.   The defendant then sued ·out a writ of error from the District Court, directed to Justice Cole, and, on hearing, in that court, the judgment of the justice was affirmed.   The defendant appeals, and now ·assigns for error, the following:

1. The court erred in determining that Justice Cole had jurisdiction of the cause.

2. The court erred in determining that it was not error in Justice Stotts, to grant a change of venue, after the case had ·gone to the jury, and the jury had disagreed.

*Edwards & Turner*, for appellant, contended:  1. That ·Justice Stotts had no legal authority to grant the change of venue.   2. That Justice ·Cole had no jurisdiction of the ·cause, and his proceedings were *coram non judice*, and void. In support of these positions, they cited:  Laws of 1852, 95; ·Rev. Stat. of 1843, ·327; *Lyne et al.* v. *Hoyle et al.*, 2 G. ·Greene, 135; Code, 314; *Sprat* v. *Marshall*, Dec. T. 1854; ·5 Geo. 185; 2 Engl. 159; 1 Dougl. 384; 1 Smith's Lead. ·Cas. 703; U. S. Dig. 1849, 674, 299.

*J. C. Hall*, for appellees, argued:  The only error assigned ·as having been committed by Justice Cole is, that he refused · to dismiss the cause on motion of appellant, on the ground that Stotts had improperly granted the change of venue.  A ·court of equal jurisdiction cannot review or reverse the ·decision of its equal.  One justice cannot review and reverse the decision of another justice, of equal power and jurisdiction.   *The People* v. *Scotes*, 3 Scam. 354.   The statute of 1852, authorizes a change of venue at any time before *the* trial has commenced.   A mis-trial leaves the case precisely ·as though no trial, or effort at trial, had taken place, so far as the rights of the parties are concerned.   The statute ·should be liberally construed.

WOODWARD, J.—Assuming the change of venue to have been erroneous (which it is not necessary to pass upon now), it is not contended that it was such an error as to render all

subsequent proceedings *void*. It may have been erroneous, without being void; and none of the counsel has held that it was a void act, and it is difficult to conceive how this could be maintained. If it was only erroneous, then Justice Cole had jurisdiction, and he could not sit as a court of errors, on Justice Stotts' proceedings. And this is all that the District Court appears to us to have decided.

The second error assigned is, "That the court erred in determining that it was not error in Justice Stotts to grant a change of venue, at the stage of proceedings in which said change was granted." It does not appear in the record that the court did so decide, and it is not an inference from the decision that Cole had not jurisdiction, for this he would have had, even though the change was erroneous. It must be borne in mind, that the writ of error below was addressed to Justice Cole, and not to Justice Stotts. Is it not possible that the defendant mistook his point, in causing the writ of error to issue to Cole, instead of to Stotts? The matter which he complained of, in reality, is the change of venue, and Justice Stotts granted this, and not Justice Cole. Some important, and perhaps difficult, questions are involved in this case, but as the parties do not appear to have raised them below, and certainly have not here, we do not deem it incumbent on us to bring them out from their hiding places, but proceed upon the common rule of hearing the error assigned.

Judgment affirmed.